**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER LAURENT, KIM DALTON, and JUSTIN TUCKER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and EILEEN O'NEILL BURKE, in her official capacity as Cook County State's Attorney, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      The Illinois Firearm Owners Identification Act ("FOID Card Act"), 430 ILCS 65/0.01 *et seq.*, entirely deprives *everyone* of the right to keep and bear arms—including the basic right to possess a firearm for self-defense in the home—unless and until they seek and receive the State's permission.

2.      To possess any type of firearm or ammunition in Illinois—anywhere, for any length of time—one must first obtain a Firearm Owners Identification ("FOID") card from the Illinois State Police. This requires one to initiate and prevail in an administrative proceeding—in which the burden of proof is on the individual at every step, and which may take 30 days, 90 days, or even longer. Any violation of this requirement is a crime.

3. By absolutely prohibiting Illinoisans from exercising a fundamental right unless and until they apply for and receive the State's approval, the FOID Card Act violates both the Due Process Clause of the Fourteenth Amendment and the Second Amendment.

4. Plaintiffs Christopher Laurent and Kim Dalton both wish to obtain a firearm for self-defense in their respective homes—but they have not done so because they do not have FOID cards, refuse to submit to the state's unconstitutional procedure, and are unwilling to subject themselves to criminal prosecution by violating the law.

5. Plaintiff Justin Tucker has obtained a FOID card, but he does not wish keep it in his possession whenever he possesses a firearm or ammunition as the law requires, nor does he wish to renew it upon its expiration—though he does wish to retain his Second Amendment rights.

6. Plaintiffs therefore bring this lawsuit to protect their rights. They ask this Court to declare that the FOID card requirement violates the Due Process Clause of the Fourteenth Amendment and the Second Amendment, and to enjoin Defendants from enforcing the FOID card requirement.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983, because this action seeks to redress the Defendants' deprivation, under color of state law, of rights protected by the U.S. Constitution.

8.      Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Plaintiffs in this District.

## PARTIES

9.      Plaintiff Christopher Laurent is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois.

10.      Plaintiff Kim Dalton is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois.

11.      Plaintiff Justin Tucker is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois.

12.      Defendant Brendan F. Kelly, sued in his official capacity as Director of the Illinois State Police, is responsible for processing FOID card applications, issuing FOID cards, and collecting FOID card fees. *See* 430 ILCS 65/5.

13.      Defendant Kwame Raoul, sued in his official capacity as Attorney General of the State of Illinois, is the chief legal officer of the State responsible for enforcing state law. *See* 15 ILCS 205/4.

14.      Defendant Eileen O'Neill Burke, sued in her official capacity as Cook County State's Attorney, is responsible for prosecuting violations of Illinois criminal laws in Cook County, Illinois. *See* 55 ILCS 5/3-9005(a)(1).

## FACTS

### Illinois's FOID Card Requirement

15.     In 1967, Illinois enacted the first state law in the Nation's history to require all of a state's residents to obtain a government permit before possessing any type of firearm for any reason.

16.     Under that law, the Firearm Owners Identification Card Act ("FOID Card Act"), 430 ILCS 65/0.01 *et seq.*, an Illinois resident must obtain a Firearm Owner's Identification ("FOID") card to be allowed to possess any firearm or ammunition.

17.     430 ILCS 65/2 states, in relevant part:

Sec. 2. Firearm Owner's Identification Card required; exceptions.

(a)     (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the Provisions of this Act.

(2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.
…

18.     The statute's "possession" requirement means that a person must have a FOID card—the physical card, or an authorized electronic version on a mobile device (430 ILCS 65/6.2)—on his or her person at *all times* that he or she is in

4

possession of a firearm or ammunition. *See People v. Elders*, 380 N.E.2d 10, 15 (Ill. App. Ct. 1978) ("The mere ownership of a card by a person arrested in possession of a firearm is not sufficient …; he must then also have the card on his person.").

19. The Act disqualifies certain people from obtaining a FOID card, such as felons, narcotics addicts, noncitizens unlawfully present in the country, persons who have been patients in a mental health facility in the past five years, domestic-violence offenders, and the developmentally disabled. 430 ILCS 65/8.

20. The Act exempts military and law-enforcement personnel exercising their official duties; certain veterans using firearms for ceremonial purposes with blank ammunition; certain hunters under limited (unusual) circumstances; nonresidents under limited circumstances; minors in the "immediate control" of a guardian with a FOID card; and persons otherwise eligible for a FOID card who are "under the direct supervision" of a FOID card holder at a firing or shooting range, or in a recognized firearms safety and training course. 430 ILCS 65/2(b).

21. Unless revoked sooner, a FOID card remains valid for ten years. 430 ILCS 65/7(a). To retain the right to possess a firearm or ammunition after that ten-year period, the FOID card holder must submit, and the Illinois State Police ("ISP") must approve, a renewal application. 430 ILCS 65/7(b). If a FOID card holder also has been issued a concealed-carry license, however, the FOID card remains valid as long as the concealed-carry license remains valid, with no FOID renewal needed. 430 ILCS 65/7(c).

22.     Violation of the FOID Card Act is a criminal offense: first-time violators who are eligible for a FOID card commit a Class A misdemeanor, punishable by a fine and up to 364 days of imprisonment; repeat offenders, violators who are ineligible for a FOID card, and certain other violators commit a felony, punishable by a fine and one to three years of imprisonment (or longer for some infractions). 430 ILCS 65/14 (FOID criminal offenses); 730 ILCS 5/5-4.5-25–5-4.5-45 (felony sentencing); 730 ILCS 5/5-4.5-55 (Class A misdemeanor sentencing).

23.     In 1968, shortly after Illinois enacted the FOID Card Act, Massachusetts enacted a similar statute that requires all residents to obtain government permission before possessing any firearm. Mass. Gen. Laws ch. 140, §§ 129B-129D. Since then, no other state has enacted a permitting requirement for all firearm possession—Illinois and Massachusetts are the only states ever to have done so.

**The FOID Application and Appeal Process**

24.     When someone applies for a FOID card, state law mandates that the ISP either approve or deny the application within 30 days of receiving it, or within 60 days if it is a renewal application. 430 ILCS 65/5.

25.     The ISP will deny a FOID card application if a disqualifying factor listed in the FOID Card Act, such as a felony conviction or past treatment at a mental-health facility, applies. *See* 430 ILCS 65/8.

6

26.     Although the FOID Card Act requires the ISP to approve a qualified applicant's FOID card application within 30 days, the ISP has at times taken much longer to do so—as long as six months or a year.

27.     Applicants whose applications are not approved or denied within 30 days may seek review by the ISP's Director, who must "render a decision within 60 business days of receipt of all information supporting the challenge." 430 ILCS 65/10(a-10). The law does not specify what happens if the Director fails to act within 60 days—but it does not result in the applicant receiving a card by default.

28.     Thus, state law effectively gives the ISP and its Director at least 90 days to approve or deny a FOID card application.

29.     If an applicant wishes to appeal the ISP's denial of an application by challenging the record on which it was based, the applicant has 60 days to seek review by the Director. 430 ILCS 65/10(a), (a-10).

30.     A regulation, 20 Ill. Admin. Code § 1230.70, provides that an applicant who wishes to appeal to the Director must do so using a form located at a specified URL,[1] but that URL returns a "page can't be found" 404 error. Thus, an applicant must find what appears to be the appropriate form elsewhere on the ISP's website.

31.     State law does not allow applicants who appeal to the Director to request a hearing from the Director.

---

[1] https://isp.illinois.gov/FirearmsSafety/Forms.

32. An applicant may seek judicial review of the Director's denial of a record challenge under the state's Administrative Review Law, 735 ILCS 5/3-101 *et seq.*, 20 Ill. Admin. Code § 1230.70(g).

33. An applicant whose record challenge fails, or who is denied a FOID card based on his or her conviction of any of a list of crimes specified by statute, may seek review in the circuit court for his or her county of residence. 420 ILCS 65/10(a).

34. Otherwise, an applicant who has been denied a FOID card may appeal to the Firearm Owner's Identification Review Board (the "Review Board"), which consists of seven members appointed by the Governor with the advice and consent of the Illinois Senate. 430 ILCS 65/10(a), (a-5)(1).

35. By a majority vote, the Review Board may request information, testimony, or both from the ISP or the applicant, and it "may require that the applicant submit electronic fingerprints to the [ISP] for an updated background check if the Board determines it lacks sufficient information to determine eligibility. The Board may consider information submitted by the [ISP], a law enforcement agency, or the applicant." 430 ILCS 65/10(a-5)(5).

36. The FOID Card Act does not require the Review Board to provide an in-person hearing with testimony, cross-examination, or argument, though the Board has provided for (non-public) hearings, at which an applicant, upon request, may present evidence and be represented by counsel. 20 Ill. Admin. Code § 3500.310.

37.     The Board determines whether to grant an applicant relief by majority vote. 430 ILCS 65/10(a-5)(5).

38.     The Board may, in its discretion, grant relief to an applicant denied based on certain statutory disqualifying factors—a mental-health condition, felony conviction, or "mild" intellectual disability—if the applicant submits certain information, including, for example, psychiatric and counseling records and two character references. 430 ILCS 65/10(c); Ill. Admin. Code § 3500.200(a)(2).

39.     The Review Board applies easier criteria when deciding whether to grant relief to an active law enforcement officer disqualified based on mental-health treatment: the officer need only show that he did not "act in a manner threatening" to himself or others, sought evaluation as a result of his work, and was not treated involuntarily or admitted to a mental-health facility for more than 30 days or more than once in the past five years. 430 ILCS 65/10(c-5).

40.     The Review Board must "issue a decision within 45 days of receiving all completed appeal documents from the [ISP] and the applicant." 430 ILCS 65/10(a-5)(6). The Board need not do so, however, if: (A) the Board requests information from the applicant, "in which case the Board shall make a decision within 30 days of receipt of the required information from the applicant;" (B) the applicant consents in writing to granting the Board additional time; or (C) the Board notifies the parties that it requires an additional 30 days (with two such extensions permitted). 430 ILCS 65/10(a-5)(6).

41.     Thus, the Board effectively has at least 105 days after receiving the parties' documents to render a decision—which are in addition to the days the applicant had to wait to receive an initial decision from the ISP.

42.     An applicant whose Board appeal is denied may seek review in the relevant circuit court. 430 ILCS 65/11(a)-(b).

43.     If an applicant seeks circuit court review of a FOID card denial, the State's Attorney may object and present evidence; the court must then order the ISP to issue the applicant a FOID card only if it concludes that "substantial justice has not been done." 430 ILCS 65/10(b).

44.     The ISP will refuse to accept a FOID card application from anyone who has made an unsuccessful record challenge to a FOID card denial, or who has unsuccessfully sought relief from a court, in the past two years. 20 Ill. Admin. Code §§ 1230.70, 1230.80.

**FOID Card Revocation**

45.     If the ISP determines that a person who has been issued a FOID card no longer meets the statutory qualifications, or determines that the person is "subject to a protective order issued under the laws of this or any other jurisdiction," it may "revoke and seize" that person's FOID card. 430 ILCS 65/8.2.

46.     State law does not require—and the ISP does not provide—any pre-deprivation hearing or other process before the ISP revokes a person's FOID card.

47. Instead, a person whose FOID card is revoked must appeal the decision, using the same procedures available to a person whose FOID card application has been denied. 430 ILCS 65/10.

48. Thus, under the FOID scheme, the state denies all residents the right to keep and bear arms unless and until they satisfy the ISP that they are eligible—and reserves the right to revoke permission instantly, at any time.

**Plaintiffs' Injuries**

49. Illinois's FOID card requirement injures Plaintiffs Christopher Laurent and Kim Dalton because they have not obtained a FOID card but wish to possess a firearm for self-defense in their respective homes.

50. Mr. Laurent and Ms. Dalton both object to the FOID card requirement in principle. Although they are qualified, they refuse to apply for a FOID card because they believe they should not have to seek the government's permission to exercise their fundamental constitutional right to possess a firearm for self-defense in their homes, and because they wish to avoid the procedures and payment necessary to obtain a FOID card.

51. Mr. Laurent and Ms. Dalton do not own or use any firearms because they lack FOID cards and would face criminal prosecution for possessing a firearm.

52. But for the FOID card requirement—and the prospect of criminal prosecution for violating it—Mr. Laurent and Ms. Dalton would each immediately obtain a firearm for self-defense in their respective homes.

11

53. Illinois's FOID card requirement injures Plaintiff Justin Tucker, who does possess a valid FOID card, because he does not wish to have a FOID card in his immediate possession whenever he is in possession of an otherwise-lawful firearm or ammunition.

54. But for the FOID card requirement, Mr. Tucker would not maintain his FOID card in his possession whenever in possession of an otherwise-lawful firearm or ammunition, nor would he keep the card at all.

55. Illinois's FOID card requirement injures Mr. Tucker for the additional reason that, before his card's expiration, he will be required to submit a renewal application (and pay the requisite fee) to continue to be allowed to possess any firearm or ammunition for self-defense in his home upon his card's expiration.

56. But for the FOID card requirement, Mr. Tucker would not submit a FOID card renewal application, though he would wish to possess a firearm for self-defense in his home.

57. Plaintiffs' injuries are ongoing and will continue unless and until this Court enters an injunction against Defendants' enforcement of the FOID Card Act.

### COUNT I: DEPRIVATION OF LIBERTY
### WITHOUT DUE PROCESS OF LAW
### U.S. CONST. AMEND. XIV, 42 U.S.C. § 1983

58. Plaintiffs incorporate and reallege all the foregoing Paragraphs as if fully restated herein.

59. Section 1 of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

60. Individuals have a liberty interest in their right to keep a firearm in the home for self-defense.

61. Under the Fourteenth Amendment, that liberty interest is "among those fundamental rights necessary to our system of ordered liberty," "deeply rooted in this Nation's history and tradition." *McDonald v. City of Chicago*, 561 U.S. 742, 768, 778 (2010).

62. With limited exceptions not applicable here, a state must provide an individual with due process, such as a court hearing, *before* depriving him or her of a fundamental constitutional right.

63. This means that the State may not deprive an individual of a fundamental constitutional right with no process whatsoever and then place the burden on the individual to seek a determination from the State as to whether the individual is eligible and will be permitted to exercise the right.

64. The FOID Card Act's absolute prohibition on an individual's possession of a firearm before obtaining a FOID card—that is, before submitting to a state administrative process under which state officials decide whether an individual is eligible and will be permitted to exercise that right—deprives individuals of that liberty interest without due process of law.

65. Through their enforcement of the FOID Card Act, Defendants, under color of state law, have deprived and are depriving Plaintiffs of their Fourteenth Amendment guarantee against deprivation of liberty without due process of law.

13

66. Defendants are liable to Plaintiffs for this deprivation of their rights under 42 U.S.C. § 1983, and Plaintiffs are entitled to declaratory and permanent injunctive relief against the continued deprivation of their rights.

## COUNT II: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
## U.S. CONST. AMENDS. II & XIV, 42 U.S.C. § 1983

67. Plaintiffs incorporate and reallege all the foregoing Paragraphs as if fully restated herein.

68. The Second Amendment provides:

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

69. The Second Amendment is "fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. at 750.

70. The right to keep and bear arms protected by the Second Amendment is a fundamental individual right and includes, above all, the right to possess a firearm for "defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

71. By absolutely prohibiting Plaintiffs Laurent and Dalton, and other Illinoisans who lack a FOID card, from exercising their right to possess a firearm and ammunition for self-defense in their respective homes, the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of that right.

72. By absolutely prohibiting Plaintiff Tucker and other FOID card holders from exercising their right to possess a firearm and ammunition without

14

maintaining a FOID card in their possession, the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of that right.

73. By absolutely prohibiting Plaintiff Tucker and other FOID card holders from exercising their right to possess a firearm and ammunition upon expiration of their FOID cards, the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of that right.

74. Through their enforcement of the FOID Card Act, Defendants, under color of state law, have deprived and are depriving Plaintiffs of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.

75. Defendants are liable to Plaintiffs for this deprivation of their rights under 42 U.S.C. § 1983, and Plaintiffs are entitled to declaratory and permanent injunctive relief against the continued deprivation of their rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and:

A. Declare that the FOID Card Act violates the Fourteenth Amendment's guarantee against deprivations of liberty without due process of law, on its face and as applied to Plaintiffs;

B. Declare that the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of the right to keep and bear arms, on its face and as applied to Plaintiffs;

15

C.      Permanently enjoin Defendants from enforcing the FOID Card Act;

D.      Award Plaintiffs their attorney's fees and costs under 42 U.S.C. § 1988;

and

E.      Award Plaintiffs such other and further relief as it deems just.


Dated: May 19, 2026                    Respectfully submitted,


                                       /s/ Jacob Huebert
                                       Jacob Huebert (Illinois ARDC No. 6305339)
                                       John J. Vecchione (*pro hac vice* forthcoming)
                                       NEW CIVIL LIBERTIES ALLIANCE
                                       4250 N. Fairfax Dr., Suite 300
                                       Arlington, VA 22203
                                       jacob.huebert@ncla.legal
                                       john.vecchione@ncla.legal
                                       Tel: (202) 869-5210