**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| CHRISTOPHER LAURENT, KIM DALTON, AND JUSTIN TUCKER,<br><br>    Plaintiffs,<br><br>v.<br><br>BRENDAN KELLY, in his official capacity as Director of the Illinois State Police; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois, EILEEN O'NEILL BURKE, in her official capacity as Cook County State's Attorney,<br><br>    Defendants. | No. 1:26-cv-05790<br><br>Judge LaShonda A. Hunt |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANTS RAOUL AND KELLY**

Defendants in their official capacities, Kwame Raoul and Brendan F. Kelly, by and through their attorney Kwame Raoul, Attorney General of the State of Illinois, for their Answer and Affirmative Defenses to Plaintiffs' Complaint state the following. Defendants deny all headings, unnumbered paragraphs, and each and every allegation in Plaintiffs' Complaint not admitted or otherwise qualified.

1. The Illinois Firearm Owners Identification Act ("FOID Card Act"), 430 ILCS 65/0.01 *et seq.,* entirely deprives *everyone* of the right to keep and bear arms including the basic right to possess a firearm for self-defense in the home-unless and until they seek and receive the State's permission.

**ANSWER: Defendants deny the allegations in this paragraph.**

2. To possess any type of firearm or ammunition in Illinois-anywhere, for any length of time-one must first obtain a Firearm Owners Identification ("FOID") card from the Illinois State Police. This requires one to initiate and prevail in an administrative proceeding- in which the burden of proof is on the individual at every step, and which may take 30 days, 90 days, or even longer. Any violation of this requirement is a crime.

1

**ANSWER: Defendants deny the allegations in this paragraph.**

3.      By absolutely prohibiting Illinoisans from exercising a fundamental right unless and until they apply for and receive the State's approval, the FOID Card Act violates both the Due Process Clause of the Fourteenth Amendment and the Second Amendment.

**ANSWER: Defendants deny the allegations in this paragraph.**

4.      Plaintiffs Christopher Laurent and Kim Dalton both wish to obtain a firearm for self-defense in their respective homes-but they have not done so because they do not have FOID cards, refuse to submit to the state's unconstitutional procedure, and are unwilling to subject themselves to criminal prosecution by violating the law.

**ANSWER: Defendants deny that the FOID Act imposes an unconstitutional procedure. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.**

5.      Plaintiff Justin Tucker has obtained a FOID card, but he does not wish keep it in his possession whenever he possesses a firearm or ammunition as the law requires, nor does he wish to renew it upon its expiration- though he does wish to retain his Second Amendment rights.

**ANSWER: Defendants admit that Plaintiff Tucker has a currently active FOID card. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.**

6.      Plaintiffs therefore bring this lawsuit to protect their rights. They ask this Court to declare that the FOID card requirement violates the Due Process Clause of the Fourteenth Amendment and the Second Amendment, and to enjoin Defendants from enforcing the FOID card requirement.

**ANSWER: Defendants admit that Plaintiffs purport to bring this lawsuit to seek the relief described, but deny that Plaintiffs are entitled to any relief.**

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983, because this action seeks to redress the Defendants' deprivation, under color of state law, of rights protected by the U.S. Constitution.

**ANSWER: Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983.**

8.      Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Plaintiffs in this District.

**ANSWER: Defendants admit that venue lies in this Court pursuant to 28 U.S.C. § 1391. Defendants deny that Plaintiffs have been deprived of rights protected by the United States Constitution or otherwise harmed.**

2

## PARTIES

9.      Plaintiff Christopher Laurent is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.**

10.      Plaintiff Kim Dalton is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.**

11.      Plaintiff Justin Tucker is an individual over 21 years of age who resides in the City of Chicago in Cook County, Illinois.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.**

12.      Defendant Brendan F. Kelly, sued in his official capacity as Director of the Illinois State Police, is responsible for processing FOID card applications, issuing FOID cards, and collecting FOID card fees. *See* 430 ILCS 65/5.

**ANSWER: Defendants admit the allegations in this paragraph.**

13.      Defendant Kwame Raoul, sued in his official capacity as Attorney General of the State of Illinois, is the chief legal officer of the State responsible for enforcing state law. *See* 15 ILCS 205/4.

**ANSWER: Defendants admit the allegations in this paragraph.**

14.      Defendant Eileen O'Neill Burke, sued in her official capacity as Cook County State's Attorney, is responsible for prosecuting violations of Illinois criminal laws in Cook County, Illinois. *See* 55 ILCS 5/3-9005(a)(l).

**ANSWER: Defendants admit the allegations in this paragraph.**

## FACTS

### Illinois's FOID Card Requirement

15.      In 1967, Illinois enacted the first state law in the Nation's history to require all of a state's residents to obtain a government permit before possessing any type of firearm for any reason.

**ANSWER: Defendants admit that the Firearm Owners Identification Card Act was enacted in 1967. Defendants deny the remainder of the allegations in this paragraph.**

16.      Under that law, the Firearm Owners Identification Card Act ("FOID Card Act"), 430 ILCS 65/0.01 *et seq.,* an Illinois resident must obtain a Firearm Owner's Identification ("FOID") card to be allowed to possess any firearm or ammunition.

**ANSWER: Defendants deny the allegations in this paragraph.**

17.     430 ILCS 65/2 states, in relevant part:

Sec. 2. Firearm Owner's Identification Card required; exceptions.

(a)     (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the Provisions of this Act.

(2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

**ANSWER: Defendants admit that this paragraph quotes 430 ILCS 65/2(a).**

18.     The statute's "possession" requirement means that a person must have a FOID card —the physical card, or an authorized electronic version on a mobile device (430 ILCS 65/6.2)— on his or her person at all times that he or she is in possession of a firearm or ammunition. See *People v. Elders*, 380 N.E.2d 10, 15 (Ill. App. Ct. 1978) ("The mere ownership of a card by a person arrested in possession of a firearm is not sufficient ... ; he must then also have the card on his person.").

**ANSWER: Defendants deny the allegations in this paragraph.**

19.     The Act disqualifies certain people from obtaining a FOID card, such as felons, narcotics addicts, noncitizens unlawfully present in the country, persons who have been patients in a mental health facility in the past five years, domestic violence offenders, and the developmentally disabled. 430 ILCS 65/8.

**ANSWER: Defendants admit that 430 ILCS states that the Illinois State Police has the authority to deny an application for or revoke and seize a previously issued FOID card on various bases enumerated in the statute, including if they find that the applicant or person in possession of the FOID card is or was a person who is addicted to narcotics, a noncitizen who is unlawfully present in the United States under the laws of the United States, a person who has been a patient of a mental health facility within the past five years, a person who has been convicted of domestic battery, aggravated domestic battery, or a substantially similar offense in another jurisdiction, or a person who has been found to have a developmental disability. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.**

20.     The Act exempts military and law-enforcement personnel exercising their official duties; certain veterans using firearms for ceremonial purposes with blank ammunition; certain hunters under limited (unusual) circumstances; nonresidents under limited circumstances; minors in the "immediate control" of a guardian with a FOID card; and persons otherwise eligible for a FOID card who are "under the direct supervision" of a FOID card holder at a firing or shooting range, or in a recognized firearms safety and training course. 430 ILCS 65/2(b).

**ANSWER: Defendants admit that 430 ILCS 65/2(b) states that the provisions of the FOID Act regarding the possession of firearms, ammunitions, stun guns, and tasers do not apply to:**

4

(1) United States Marshals, while engaged in the operation of their official duties;

(2) Members of the Armed Forces of the United States or the National Guard, while engaged in the operation of their official duties;

(3) Federal officials required to carry firearms, while engaged in the operation of their official duties;

(4) Members of bona fide veterans organizations which receive firearms directly from the armed forces of the United States, while using the firearms for ceremonial purposes with blank ammunition;

(5) Nonresident hunters during hunting season, with valid nonresident hunting licenses and while in an area where hunting is permitted; however, at all other times and in all other places these persons must have their firearms unloaded and enclosed in a case;

(6) Those hunters exempt from obtaining a hunting license who are required to submit their Firearm Owner's Identification Card when hunting on Department of Natural Resources owned or managed sites;

(7) Nonresidents while on a firing or shooting range recognized by the Illinois State Police; however, these persons must at all other times and in all other places have their firearms unloaded and enclosed in a case;

(8) Nonresidents while at a firearm showing or display recognized by the Illinois State Police; however, at all other times and in all other places these persons must have their firearms unloaded and enclosed in a case;

(9) Nonresidents whose firearms are unloaded and enclosed in a case;

(10) Nonresidents who are currently licensed or registered to possess a firearm in their resident state;

(11) Unemancipated minors while in the custody and immediate control of their parent or legal guardian or other person in loco parentis to the minor if the parent or legal guardian or other person in loco parentis to the minor has a currently valid Firearm Owner's Identification Card;

(12) Color guards of bona fide veterans organizations or members of bona fide American Legion bands while using firearms for ceremonial purposes with blank ammunition;

(13) Nonresident hunters whose state of residence does not require them to be licensed or registered to possess a firearm and only during hunting season, with valid hunting licenses, while accompanied by, and using a firearm owned by, a person who possesses a valid Firearm Owner's Identification Card and while in an area within a commercial club licensed under the Wildlife Code where hunting is permitted and controlled, but in no instance upon sites owned or managed by the Department of Natural Resources;

(14) Resident hunters who are properly authorized to hunt and, while accompanied by a person who possesses a valid Firearm Owner's Identification Card, hunt in an area

5

within a commercial club licensed under the Wildlife Code where hunting is permitted and controlled; and

(15) A person who is otherwise eligible to obtain a Firearm Owner's Identification Card under this Act and is under the direct supervision of a holder of a Firearm Owner's Identification Card who is 21 years of age or older while the person is on a firing or shooting range or is a participant in a firearms safety and training course recognized by a law enforcement agency or a national, statewide shooting sports organization.

Defendants deny all remaining allegations in this paragraph.

21. Unless revoked sooner, a FOID card remains valid for ten years. 430 ILCS 65/7(a). To retain the right to possess a firearm or ammunition after that ten year period, the FOID card holder must submit, and the Illinois State Police ("ISP") must approve, a renewal application. 430 ILCS 65/7(b). If a FOID card holder also has been issued a concealed-carry license, however, the FOID card remains valid as long as the concealed-carry license remains valid, with no FOID renewal needed. 430 ILCS 65/7(c).

ANSWER: Defendants admit that 430 ILCS 65/7(a) states that, except as provided elsewhere in the statute, a FOID card issued under the provisions of the Act shall be valid for the person to whom it is issued for a period of 10 years from the date of issuance.

Defendants admit that 430 ILCS 65/7(b) states that if a renewal application is submitted to the Department before the expiration date of the applicant's current FOID card, the FOID card shall remain valid, unless the person is subject to or becomes subject to revocation under the Act, and that unless the person no longer meets the requirements or becomes subject to suspension or revocation under this Act, a card issued under a renewal application made as provided in the Act shall remain valid if the person meets the requirements.

Defendants admit that 430 ILCS 65/7(c) states that if a FOID card of a licensee under the Firearm Concealed Carry Act expires during the term of the licensee's concealed carry license, the FOID card and the license remain valid during the validity of the concealed carry license and the licensee does not have to renew his or her FOID card if it has not been otherwise renewed as provided in this act, and that unless the Illinois State Police has reason to believe the licensee is no longer eligible for the card, the Illinois State Police may automatically renew the licensee's FOID card.

Defendants deny all other remaining allegations in this paragraph.

22. Violation of the FOID Card Act is a criminal offense: first-time violators who are eligible for a FOID card commit a Class A misdemeanor, punishable by a fine and up to 364 days of imprisonment; repeat offenders, violators who are ineligible for a FOID card, and certain other violators commit a felony, punishable by a fine and one to three years of imprisonment (or longer for some infractions). 430 ILCS 65/14 (FOID criminal offenses); 730 ILCS 5/5-4.5-25-5-4.5-45 (felony sentencing); 730 ILCS 5/5-4.5-55 (Class A misdemeanor sentencing).

ANSWER: Defendants admit that 430 ILCS 65/14(a)-(a-5) states that unless provided otherwise in the Act, a violation of the Act when the person's FOID card is expired but the person is not otherwise disqualified from renewing the card is a Class A misdemeanor, unless

6

**the card was expired for 6 months or less from the date of the expiration, in which case the violation is a petty offense.**

**Defendants admit that 430 ILCS 65/14(b) states that a violation of the Act is a Class A misdemeanor when the person does not possess a currently valid Firearm Owner's Identification Card, but is otherwise eligible under this Act, and that a second or subsequent violation is a Class 4 felony.**

**Defendants admit that 430 ILCS 65/14(c) states that a violation of the Act is a Class 3 felony when (1) the person's FOID card is revoked or is subject to revocation; or (2) the person's FOID card is expired and not otherwise eligible for renewal under the Act; or (3) the person does not possess a currently valid FOID card, and the person is not otherwise eligible under the Act.**

**Defendants admit that 430 ILCS 65/14(d) states that a violation of the section of the Act governing firearm transfers is a Class 4 felony, and that a third or subsequent conviction is a Class 1 felony.**

**Defendants admit that 430 ILCS 65/14(d-5) states that any person who knowingly enters false information on an application for a FOID card, who knowingly gives a false answer to any question on the application, or who knowingly submits false evidence in connection with an application is guilty of a Class 2 felony.**

**Defendants admit that 430 ILCS 65/14(e) states that except as otherwise provided, any other violation of the Act is a Class A misdemeanor.**

**Defendants admit that 730 ILCS 5/5-4.5-25-5-4.5-45 sets out standard sentencing provisions.**

**Defendants deny the remaining allegations in this paragraph.**

23. In 1968, shortly after Illinois enacted the FOID Card Act, Massachusetts enacted a similar statute that requires all residents to obtain government permission before possessing any firearm. Mass. Gen. Laws ch. 140, §§ 129B-129D. Since then, no other state has enacted a permitting requirement for all firearm possession - Illinois and Massachusetts are the only states ever to have done so.

**ANSWER: Defendants deny the allegations in this paragraph.**

### The FOID Application and Appeal Process

24. When someone applies for a FOID card, state law mandates that the ISP either approve or deny the application within 30 days of receiving it, or within 60 days if it is a renewal application. 430 ILCS 65/5.

**ANSWER: Defendants admit that 430 ILCS 65/5 states that the Illinois State Police shall either approve or deny all applications within 30 days from the date they are received, and that renewal applications shall be approved or denied within 60 business days, provided the applicant submitted his or her renewal application prior to the expiration of his or her FOID card. Defendants deny the remaining allegations in this paragraph.**

7

25.     The ISP will deny a FOID card application if a disqualifying factor listed in the FOID Card Act, such as a felony conviction or past treatment at a mental-health facility, applies. *See* 430 ILCS 65/8.

**ANSWER: Defendants admit that 430 ILCS 65/8 states that the Illinois State Police has authority to deny an application for or to revoke and seize a FOID card previously issued under the Act only if the Illinois State Police finds that the applicant or the person to whom such card was issued is or was not eligible for the card based on the enumerated bases in the Act. Defendants deny the remaining allegations in this paragraph.**

26.     Although the FOID Card Act requires the ISP to approve a qualified applicant's FOID card application within 30 days, the ISP has at times taken much longer to do so-as long as six months or a year.

**ANSWER: Defendants admit that during the COVID-19 pandemic, ISP at times took longer than six months to approve a qualified applicant's FOID card application. Defendants deny that ISP has taken "six months or a year" to approve a qualified applicant's FOID card application since 2021.**

27.     Applicants whose applications are not approved or denied within 30 days may seek review by the ISP's Director, who must "render a decision within 60 business days of receipt of all information supporting the challenge." 430 ILCS 65/l0(a-10). The law does not specify what happens if the Director fails to act within 60 days-but it does not result in the applicant receiving a card by default.

**ANSWER: Defendants admit the allegations in this paragraph.**

28.     Thus, state law effectively gives the ISP and its Director at least 90 days to approve or deny a FOID card application.

**ANSWER: Defendants admit that under certain circumstances the time that may be taken to process an initial FOID application, together with the time that may be taken to process and resolve certain types of subsequent appeals as to the initial FOID application, can collectively last longer than 90 days. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph.**

29.     If an applicant wishes to appeal the ISP's denial of an application by challenging the record on which it was based, the applicant has 60 days to seek review by the Director. 430 ILCS 65/l0(a), (a-10).

**ANSWER: Defendants deny the allegations in this paragraph.**

30.     A regulation, 20 Ill. Admin. Code § 1230. 70, provides that an applicant who wishes to appeal to the Director must do so using a form located at a specified URL,[1] but that URL returns a "page can't be found" 404 error. Thus, an applicant must find what appears to be the appropriate form elsewhere on the ISP's website.

**ANSWER: Defendants admits that 20 Ill. Admin Code § 1230.70 provides that persons wishing to challenge the record serving as a basis for the denial of a FOID card application**

---

[1] https://isp.illinois.gov/FirearmsSafety/Forms.

or revocation or suspension of a FOID Card as provided in Section 10(a-10) of the Act must first submit a form available at https://isp.illinois.gov/FirearmsSafety/Forms. Defendants further admit that currently this URL returns a 404 error. Defendants deny the remaining allegations of this paragraph.

31. State law does not allow applicants who appeal to the Director to request a hearing from the Director.

**ANSWER: Defendants admit that 430 ILCS 65/10(a-10) does not provide for a hearing before the Director of the Illinois State Police. Defendants deny all remaining allegations in this paragraph.**

32. An applicant may seek judicial review of the Director's denial of a record challenge under the state's Administrative Review Law, 735 ILCS 5/3-101 *et seq.,* 20 Ill. Admin. Code§ 1230.70(g).

**ANSWER: Defendants admit that 20 Ill. Admin. Code § 1230.70(g) states that if the Director or Director's designee denies a record challenge pursuant to section 10(a-10) of the Act, the petitioner cannot request an administrative hearing but rather, the Director shall render a final administrative decision, which shall be subject to judicial review under the provisions of the Administrative Review Law pursuant to Section 11 of the Act.**

33. An applicant whose record challenge fails, or who is denied a FOID card based on his or her conviction of any of a list of crimes specified by statute, may seek review in the circuit court for his or her county of residence. 420 ILCS 65/l0(a).

**ANSWER: Defendants admit that 420 ILCS 65/10(a) states that persons whose FOID card denial, suspension, or revocation was based upon one of the enumerated convictions in the Act may petition the circuit court in writing in the county of his or her residence for a hearing seeking relief from such denial or revocation.**

**Defendants admit that 430 ILCS 65/11 states that all final administrative decisions of the Firearm Owner's Identification Card Review Board are subject to judicial review.**

**Defendants admit that 20 Ill. Admin. Code § 1230.70(g) states that if the Director or Director's designee denies a record challenge pursuant to section 10(a-10) of the Act, the petitioner cannot request an administrative hearing but rather, the Director shall render a final administrative decision, which shall be subject to judicial review under the provisions of the Administrative Review Law pursuant to Section 11 of the Act.**

**Defendants deny all remaining allegations in this paragraph.**

34. Otherwise, an applicant who has been denied a FOID card may appeal to the Firearm Owner's Identification Review Board (the "Review Board"), which consists of seven members appointed by the Governor with the advice and consent of the Illinois Senate. 430 ILCS 65/10(a),(a-5)(1).

**ANSWER: Defendants admit that 430 ILCS 65/10(a) states that whenever an application for a FOID card is denied or whenever such card is suspended or revoked, the aggrieved party may appeal to the Firearm Owner's Identification Card Review Board (the "Review Board")**

9

for a hearing seeking relief from such denial, suspension, or revocation unless the denial, suspension, or revocation was based on one of the enumerated convictions in the Act.

Defendants admit that 430 ILCS 65/10(a-5) states that the Review Board was created to consider any appeal under subsection (a) of the Act other than an appeal directed to the circuit court and except when the applicant is challenging the record upon which the decision to deny or revoke was based.

Defendants admit that 430 ILCS 65/10(a-5)(1) states that the Review Board shall consist of 7 members appointed by the Governor, with the advice and consent of the Senate.

35.     By a majority vote, the Review Board may request information, testimony, or both from the ISP or the applicant, and it "may require that the applicant submit electronic fingerprints to the [ISP] for an updated background check if the Board determines it lacks sufficient information to determine eligibility. The Board may consider information submitted by the [ISP], a law enforcement agency, or the applicant" 430 ILCS 65/l0(a-5)(5).

ANSWER: Defendants admit that this paragraph quotes 430 ILCS 65/10(a-5)(5) in part. Defendants admit that 430 ILCS 65/10(a-5)(5) further states that the Board shall review the materials received concerning the denial or revocation by the Illinois State Police, and that by a vote of at least 4 members, the Board may request additional information from the Illinois State Police or the applicant or the testimony of the Illinois State Police or the applicant. Defendants deny any remaining allegations in this paragraph.

36.     The FOID Card Act does not require the Review Board to provide an in-person hearing with testimony, cross-examination, or argument, though the Board has provided for (non-public) hearings, at which an applicant, upon request, may present evidence and be represented by counsel. 20 Ill. Admin. Code § 3500.310.

ANSWER: Defendants admit that 20 Ill Admin. Code § 3500.310 allows for, but does not require under all circumstances, hearings where petitioners may be represented by counsel and present evidence relating to the request for relief. Defendants deny the remaining allegations of this paragraph.

37.     The Board determines whether to grant an applicant relief by majority vote. 430 ILCS 65/10(a-5)(5).

ANSWER: Defendants admit that 430 ILCS 65/10(a-5)(5) states that the Board shall review each denial or revocation and determine by a majority of members whether an applicant should be granted relief.

38.     The Board may, in its discretion, grant relief to an applicant denied based on certain statutory disqualifying factors—a mental-health condition, felony conviction, or "mild" intellectual disability—if the applicant submits certain information, including, for example, psychiatric and counseling records and two character references. 430 ILCS 65/10(c); Ill. Admin. Code § 3500.200(a)(2).

ANSWER: Defendants admit that 430 ILCS 65/10(c) states that any person prohibited from acquiring a FOID card based on the Act's enumerated categories may apply to the Review Board requesting relief from such prohibition and the Review Board may grant such relief

10

**if it is established by the applicant to the Review Board's satisfaction that certain procedural requirements have been met, and:**

> **(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;**
>
> **(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;**
>
> **(3) granting relief would not be contrary to the public interest; and**
>
> **(4) granting relief would not be contrary to federal law.**

**Defendants admit that 430 ILCS 65/10(c) and (f) and Ill. Admin. Code § 3500.200(a)(2) provide additional information about the documents that applicants shall provide to the Board for consideration, including, under specific circumstances, psychiatric and counseling records and character references.**

**Defendants deny all remaining allegations in this paragraph.**

39.     The Review Board applies easier criteria when deciding whether to grant relief to an active law enforcement officer disqualified based on mental-health treatment: the officer need only show that he did not "act in a manner threatening" to himself or others, sought evaluation as a result of his work, and was not treated involuntarily or admitted to a mental-health facility for more than 30 days or more than once in the past five years. 430 ILCS 65/10(c-5).

**ANSWER: Defendants deny the allegations in this paragraph.**

40.     The Review Board must "issue a decision within 45 days of receiving all completed appeal documents from the [ISP] and the applicant." 430 ILCS 65/10(a-5)(6). The Board need not do so, however, if: (A) the Board requests information from the applicant, "in which case the Board shall make a decision within 30 days of receipt of the required information from the applicant"; (B) the applicant consents in writing to granting the Board additional time; or (C) the Board notifies the parties that it requires an additional 30 days (with two such extensions permitted). 430 ILCS 65/10(a-5)(6).

**ANSWER: Defendants admit the allegations in this paragraph.**

41.     Thus, the Board effectively has at least 105 days after receiving the parties' documents to render a decision—which are in addition to the days the applicant had to wait to receive an initial decision from the ISP.

**ANSWER: Defendants deny the allegations in this paragraph.**

42.     An applicant whose Board appeal is denied may seek review in the relevant circuit court. 430 ILCS 65/11(a)-(b).

**ANSWER: Defendants admit that 430 ILCS 65/11(a) states that all final administrative decisions of the Firearm Owner's Identification Card Review Board under this Act, except final administrative decisions of the Firearm Owner's Identification Card Review Board to deny a person's application for relief under subsection (f) of Section 10 of the Act, shall be**

11

subject to judicial review under the provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto.

**Defendants admit that 430 ILCS 65/11(b) states that any final administrative decision by the Firearm Owner's Identification Card Review Board to deny a person's application for relief under subsection (f) of Section 10 of this Act is subject to de novo judicial review by the circuit court, and any party may offer evidence that is otherwise proper and admissible without regard to whether that evidence is part of the administrative record.**

43.     If an applicant seeks circuit court review of a FOID card denial, the State's Attorney may object and present evidence; the court must then order the ISP to issue the applicant a FOID card only if it concludes that "substantial justice has not been done." 430 ILCS 65/10(b).

**ANSWER: Defendants admit that 430 ILCS 65/10(b) states that at least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant State's Attorney with a copy of the petition. The State's Attorney may object to the petition and present evidence. At the hearing, the court must then determine whether substantial justice has been done. Should the court determine that substantial justice has not been done, the court shall issue an order directing the Illinois State Police to issue a Card. However, the court shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law.**

**Except as admitted, Defendants deny all other allegations in this paragraph.**

44.     The ISP will refuse to accept a FOID card application from anyone who has made an unsuccessful record challenge to a FOID card denial, or who has unsuccessfully sought relief from a court, in the past two years. 20 Ill. Admin. Code §§ 1230. 70, 1230.80.

**ANSWER: Defendants admit that 20 Ill. Admin. Code § 1230.70(h) states that in the event a final administrative decision is rendered and the record challenge is denied, a new application from the petitioner will not be accepted until two years have passed since the date of the last denial unless directed to do so by a court with appropriate jurisdiction.**

**Defendants admit that 20 Ill. Admin. Code § 1230.80 states that if a court with appropriate jurisdiction denies an individual's request for relief from a firearms prohibitor, either upon direct appeal or upon administrative review of the Director's or the FOID Card Review Board's denial, a new application from the individual will not be accepted until two years have passed since the date relief was denied unless directed to do so by a court with appropriate jurisdiction.**

**Defendants deny all remaining allegations in this paragraph.**

### FOID Card Revocation

45.     If the ISP determines that a person who has been issued a FOID card no longer meets the statutory qualifications, or determines that the person is "subject to a protective order issued under the laws of this or any other jurisdiction," it may "revoke and seize" that person's FOID card. 430 ILCS 65/8.2.

**ANSWER: Defendants admit that 430 ILCS 65/8.2 states that the Illinois State Police shall deny an application or shall suspend or revoke and seize a Firearm Owner's Identification**

12

**Card previously issued under the Act if the Department finds that the applicant or person to whom such card was issued is or was at the time of issuance subject to a protective order issued under the laws of this or any other jurisdiction. Defendants deny all remaining allegations in this paragraph.**

46. State law does not require—and the ISP does not provide—any predeprivation hearing or other process before the ISP revokes a person's FOID card.

**ANSWER: Defendants deny the allegations in this paragraph.**

47. Instead, a person whose FOID card is revoked must appeal the decision, using the same procedures available to a person whose FOID card application has been denied. 430 ILCS 65/10.

**ANSWER: Defendants admit that a person whose FOID card has been revoked may file a record challenge or appeal the revocation in accordance with 430 ILCS 65/10. Defendants deny all other allegations in this paragraph.**

48. Thus, under the FOID scheme, the state denies all residents the right to keep and bear arms unless and until they satisfy the ISP that they are eligible and reserves the right to revoke permission instantly, at any time.

**ANSWER: Defendants deny the allegations in this paragraph.**


**Plaintiffs' Injuries**

49. Illinois's FOID card requirement injures Plaintiffs Christopher Laurent and Kim Dalton because they have not obtained a FOID card but wish to possess a firearm for self-defense in their respective homes.

**ANSWER: Defendants deny that Plaintiffs have been injured. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph.**

50. Mr. Laurent and Ms. Dalton both object to the FOID card requirement in principle. Although they are qualified, they refuse to apply for a FOID card because they believe they should not have to seek the government's permission to exercise their fundamental constitutional right to possess a firearm for self-defense in their homes, and because they wish to avoid the procedures and payment necessary to obtain a FOID card.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

51. Mr. Laurent and Ms. Dalton do not own or use any firearms because they lack FOID cards and would face criminal prosecution for possessing a firearm.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

52. But for the FOID card requirement—and the prospect of criminal prosecution for violating it—Mr. Laurent and Ms. Dalton would each immediately obtain a firearm for self-defense in their respective homes.

13

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

53.     Illinois's FOID card requirement injures Plaintiff Justin Tucker, who does possess a valid FOID card, because he does not wish to have a FOID card in his immediate possession whenever he is in possession of an otherwise-lawful firearm or ammunition.

**ANSWER: Defendant admits that Plaintiff Tucker possesses a valid FOID card. Defendant denies that Plaintiff Tucker has been injured. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.**

54.     But for the FOID card requirement, Mr. Tucker would not maintain his FOID card in his possession whenever in possession of an otherwise-lawful firearm or ammunition, nor would he keep the card at all.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

55.     Illinois's FOID card requirement injures Mr. Tucker for the additional reason that, before his card's expiration, he will be required to submit a renewal application (and pay the requisite fee) to continue to be allowed to possess any firearm or ammunition for self-defense in his home upon his card's expiration.

**ANSWER: Defendants deny the allegations in this paragraph.**

56.     But for the FOID card requirement, Mr. Tucker would not submit a FOID card renewal application, though he would wish to possess a firearm for self-defense in his home.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.**

57.     Plaintiffs' injuries are ongoing and will continue unless and until this Court enters an injunction against Defendants' enforcement of the FOID Card Act.

**ANSWER: Defendants deny the allegations of this paragraph.**

**COUNT I: DEPRIVATION OF LIBERTY
WITHOUT DUE PROCESS OF LAW
U.S. CONST. AMEND. XIV, 42 U.S.C. § 1983**

58.     Plaintiffs incorporate and reallege all the foregoing Paragraphs as if fully restated herein.

**ANSWER: Defendants re-allege their answers to the preceding allegations as though fully set forth herein.**

59.     Section 1 of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

**ANSWER: Defendants admit that Section 1 of the Fourteenth Amendment contains the quoted language.**

14

60.     Individuals have a liberty interest in their right to keep a firearm in the home for self-defense.

**ANSWER: Defendants deny the allegations in this paragraph.**

61.     Under the Fourteenth Amendment, that liberty interest is "among those fundamental rights necessary to our system of ordered liberty," "deeply rooted in this Nation's history and tradition." *McDonald v. City of Chicago,* 561 U.S. 742, 768, 778 (2010).

**ANSWER: Defendants deny the allegations in this paragraph.**

62.     With limited exceptions not applicable here, a state must provide an individual with due process, such as a court hearing, *before* depriving him or her of a fundamental constitutional right.

**ANSWER: Defendants deny the allegations in this paragraph.**

63.     This means that the State may not deprive an individual of a fundamental constitutional right with no process whatsoever and then place the burden on the individual to seek a determination from the State as to whether the individual is eligible and will be permitted to exercise the right.

**ANSWER: Defendants admit that fundamental constitutional rights may not be denied without any process whatsoever. Defendants deny the allegations of this paragraph to the extent that they imply that the allegations are an accurate description of the statutory process for obtaining a FOID card. Defendants deny any remaining allegations in this paragraph.**

64.     The FOID Card Act's absolute prohibition on an individual's possession of a firearm before obtaining a FOID card—that is, before submitting to a state administrative process under which state officials decide whether an individual is eligible and will be permitted to exercise that right—deprives individuals of that liberty interest without due process of law.

**ANSWER: Defendants deny the allegations of this paragraph.**

65.     Through their enforcement of the FOID Card Act, Defendants, under color of state law, have deprived and are depriving Plaintiffs of their Fourteenth Amendment guarantee against deprivation of liberty without due process of law.

**ANSWER: Defendants deny the allegations of this paragraph.**

66.     Defendants are liable to Plaintiffs for this deprivation of their rights under 42 U.S.C. § 1983, and Plaintiffs are entitled to declaratory and permanent injunctive relief against the continued deprivation of their rights.

**ANSWER: Defendants deny the allegations of this paragraph.**

### COUNT II: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST. AMENDS. II & XIV, 42 U.S.C. § 1983

67.     Plaintiffs incorporate and reallege all the foregoing Paragraphs as if fully restated herein.

**ANSWER: Defendants re-allege their answers to the preceding allegations as though fully set forth herein.**

68.     The Second Amendment provides:

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

**ANSWER: Defendants admit that the Second Amendment contains the language quoted in this paragraph.**

69.     The Second Amendment is "fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. at 750.

**ANSWER: Defendants admit that *McDonald* holds that the Second Amendment "is fully applicable to the States."**

70.     The right to keep and bear arms protected by the Second Amendment is a fundamental individual right and includes, above all, the right to possess a firearm for "defense of hearth and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

**ANSWER: Defendants admit that *District of Columbia v. Heller* states that Blackstone "cited the arms provision of the Bill of Rights as one of the fundamental rights of Englishmen," 554 U.S. 570, 594 (2008), and described the Second Amendment as "elevat[ing] above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home," *id.* at 635. Defendants deny the remaining allegations in this paragraph.**

71.     By absolutely prohibiting Plaintiffs Laurent and Dalton, and other Illinoisans who lack a FOID card, from exercising their right to possess a firearm and ammunition for self-defense in their respective homes, the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of that right.

**ANSWER: Defendants deny the allegations of this paragraph.**

72.     By absolutely prohibiting Plaintiff Tucker and other FOID card holders from exercising their right to possess a firearm and ammunition without maintaining a FOID card in their possession, the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of that right.

**ANSWER: Defendants deny the allegations of this paragraph.**

73.     By absolutely prohibiting Plaintiff Tucker and other FOID cardholders from exercising their right to possess a firearm and ammunition upon expiration of their FOID cards, the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of that right.

16

**ANSWER: Defendants deny the allegations of this paragraph.**

74.    Through their enforcement of the FOID Card Act, Defendants, under color of state law, have deprived and are depriving Plaintiffs of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants deny the allegations of this paragraph.**

75.    Defendants are liable to Plaintiffs for this deprivation of their rights under 42 U.S.C. § 1983, and Plaintiffs are entitled to declaratory and permanent injunctive relief against the continued deprivation of their rights.

**ANSWER: Defendants deny the allegations of this paragraph.**


## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and:

A.    Declare that the FOID Card Act violates the Fourteenth Amendment's guarantee against deprivations of liberty without due process of law, on its face and as applied to Plaintiffs;

B.    Declare that the FOID Card Act violates the Second and Fourteenth Amendments' guarantee of the right to keep and bear arms, on its face and as applied to Plaintiffs;

C.    Permanently enjoin Defendants from enforcing the FOID Card Act;

D.    Award Plaintiffs their attorney's fees and costs under 42 U.S.C. § 1988; and

E.    Award Plaintiffs such other and further relief as it deems just.

**ANSWER: Defendants deny that Plaintiffs are entitled to any relief.**

## JURY DEMAND

**Defendants demand a trial by jury in this matter for any and all claims that can be tried by jury.**

## AFFIRMATIVE DEFENSE

1. Plaintiffs do not have standing because they have not suffered harm from the defendants' actions.
2. The Firearm Owners Identification Card Act is a constitutional shall-issue licensing regime under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 38 n.9.
3. The Firearm Owners Identification Card Act is consistent with the Nation's history and tradition of firearm regulation.

17

WHEREFORE, Defendants in their official capacities, Kwame Raoul and Brendan F. Kelly, by and through their attorney Kwame Raoul, Attorney General of the State of Illinois, deny that Plaintiff is entitled to the relief requested in Plaintiff's complaint and pray that this honorable Court enter judgment against Plaintiff and in favor of Defendants and such other relief as it deems appropriate.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ *Elizabeth Jordan*
Elizabeth Jordan
Isaac Freilich Jones
Emily Hirsch
Office of the Attorney General of Illinois
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
Elizabeth.kellom@ilag.gov

*Counsel for the State Defendants*

Dated: July 13, 2026

18

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that on July 13, 2026, she caused to be filed through the Court's CM/ECF system a copy of *Answer and Affirmative Defenses of Defendants Raoul and Kelly*. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

/s/ Elizabeth Jordan
Assistant Attorney General II