**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER LAURENT, KIM DALTON, and JUSTIN TUCKER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:26-cv-05790 |
| v. | ) ) | Judge LaShonda A. Hunt |
| BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and EILEEN O'NEILL BURKE, in her official capacity as Cook County State's Attorney, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**INITIAL STATUS REPORT FOR NEW CASE**

Counsel for the parties have met as required by Federal Rule of Civil Procedure 26(f) and

now file this Initial Status Report for New Case.

**I.      The Nature of the Case:**

> A.      **Identify (names and contact information) for all attorneys of record
> for each party, including the lead trial attorney.**

Attorneys for Plaintiffs Christopher Laurent, Kim Dalton, and Justin Tucker are:

Jacob Huebert
John J. Vecchione
New Civil Liberties Alliance
4250 N. Fairfax Drive, Suite 300
Arlington, Virginia 22203
jacob.huebert@ncla.legal
john.vecchione@ncla.legal
Tel: (202) 869-5210

Mr. Huebert is Plaintiffs' lead counsel and is a member of the Court's general bar. Mr. Vecchione

will seek admission *pro hac vice* or admission to the Court's general bar. Mr. Huebert and/or Mr.

Vecchione will seek admission to the Court's trial bar well in advance of any trial or evidentiary hearing in this case.

The attorney for Defendants Brendan F. Kelly and Kwame Raoul (the "State parties") is Illinois Attorney General Kwame Raoul, by and through the following assistant attorneys general:

Isaac Frelich Jones
Elizabeth Jordan
Emily Hirsch
Office of the Attorney General of Illinois
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000

Attorneys for Defendant Eileen O'Neill Burke are:

Edward M. Brener
Oliver Kassenbrock
Cook County State's Attorney's Office
50 W. Washington, Fifth Floor
Chicago, IL 60602

B. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiffs' complaint asserts two claims under 42 U.S.C. § 1983: one alleging that the Illinois Firearm Owners Identification Card Act (the "Act") violates the Due Process Clause of the Fourteenth Amendment; and one alleging that the Act violates the right to keep and bear arms under the Second and Fourteenth Amendments.

Defendants have raised no counterclaims. No party has asserted any third-party claims.

C. **Briefly identify the major legal and factual issues in the case.**

Plaintiffs' Complaint asserts two legal issues: (1) whether the FOID Card Act violates the Due Process Clause of the Fourteenth Amendment by allegedly depriving Illinoisans of liberty without due process of law; (2) whether the FOID Card Act violates the Second Amendment by (a) requiring Illinois residents to obtain a state permit ("FOID card") before possessing a firearm

for self-defense in the home, (b) requiring that a person issued a FOID card retain that card in his or her possession whenever in possession of a firearm, and (c) requiring a party who has been issued a FOID card to renew the card ten years after it is issued.

In the Affirmative Defense stated in their Answer to Plaintiffs' Complaint, Defendants Kelly and Raoul raise three more factual and legal issues: whether Plaintiffs have alleged injuries that can support their standing to raise their claims; whether the FOID Card Act is a constitutional shall-issue licensing regime under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 38 n.9; and, whether the FOID Card Act is consistent with the Nation's history and tradition of firearm regulation.

> D.      **State the relief sought by any of the parties.**

Plaintiffs seek a declaration that the FOID Card Act violates the Fourteenth Amendment's guarantee against deprivations of liberty without due process of law; a declaration that that FOID Card Act violates the right to keep and bear arms protected by the Second and Fourteenth Amendments; an injunction against the FOID Card Act's enforcement; an award of attorneys fees and costs under 42 U.S.C. § 1988; and any other relief that the Court deems just and proper.

Defendants deny that Plaintiffs are entitled to this relief and seek judgment in their own favor and such other relief as the Court deems appropriate.

> I.      **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).
>
> > A.      **Identify all federal statutes on which federal question jurisdiction is based.**

Plaintiffs assert that the Court has federal-question jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2022, and 42 U.S.C. § 1983, because Plaintiffs premise their claims on Defendants'

alleged deprivations, under color of state law, of rights guaranteed by the Second and Fourteenth Amendment of the U.S. Constitution.

    B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

        1. **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

        2. **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

Plaintiffs do not raise any claims based on diversity or supplemental jurisdiction.

**II.**     **Status of Service:** Identify any defendants that have not been served.

Plaintiffs have served all Defendants.

**III.**     **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

Counsel has advised the parties that they may proceed before a Magistrate Judge if they consent unanimously. The parties do not unanimously consent to proceed before a Magistrate Judge.

**IV.**     **Motions**:

    A.     **Briefly describe any pending motions.**

There are no pending motions.

4

      B.      **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants Kelly and Raoul have filed a joint Answer to the Complaint (Doc. 15). Defendant Burke has also filed an Answer to the Complaint (Doc. 16).

**V.      Case Plan**:

      A.      **Submit a proposal for a discovery plan, including the following information:**

      1.      **The general type of discovery needed;**

Plaintiffs anticipate written discovery and potential depositions regarding Defendants' administration and enforcement of the FOID Card Act.

Defendants anticipate written discovery and depositions regarding Plaintiffs' standing, including their alleged qualifications for a FOID Card and the harms they allege in their complaint, as well as the administration and enforcement of the FOID Card Act. Defendants also anticipate comprehensive expert discovery related to the history and traditions of firearm regulation in the United States.

      2.      **A date for Rule 26(a)(1) disclosures;**

Plaintiffs propose August 3, 2026 as the deadline for their Rule 26(a)(1) disclosures. Defendants propose August 21, 2026 as the deadline for their initial Rule 26(a)(1) disclosures.

      3.      **First date by which to issue written discovery;**

The parties propose August 28, 2027 as the first date by which to issue written discovery.

      4.      **Deadline to amend pleadings and join parties;**

The parties propose a deadline to amend pleadings and join parties of September 4, 2026.

5.      **A fact discovery completion date;**

Plaintiffs propose a deadline for completion of fact discovery of November 20, 2026. Defendants propose a deadline for completion of fact discovery of March 1, 2027.

6.      **An expert discovery completion date, including dates for the delivery of expert reports; and**

Plaintiffs propose a deadline for delivery of expert reports of December 1, 2026, a deadline for delivery of rebuttal expert reports of January 4, 2027, and an expert discovery completion date of January 31, 2027.

Defendants propose a deadline for Plaintiffs' expert disclosures and delivery of expert reports of April 1, 2027, a deadline for Defendants' expert disclosures and delivery of expert reports of May 1, 2027, a deadline for supplemental expert reports on May 15, 2027, and an expert discovery completion date of July 2, 2027.

7.      **Whether either party anticipates filing dispositive motions.**

The parties anticipate filing cross-motions for summary judgment.

**B. With respect to trial, indicate the following:**

1.     **Whether a jury trial is requested; and**
2.     **The probable length of trial.**

Defendants have requested a jury trial. The parties anticipate that a trial would last no more than four days.

**VI.**        **Status of Settlement Discussions**:

       A.      **Indicate whether any settlement discussions have occurred;**
       B.      **Describe the status of any settlement discussions; and**
       C.      **Whether the parties request a settlement conference.**

The parties discussed the prospects for settlement at their Rule 26(f) conference on July 15, 2026. The parties do not request a settlement conference.

Dated: July 20, 2026

Respectfully submitted,

/s/ Jacob Huebert
Jacob Huebert (Illinois ARDC No. 6305339)
John J. Vecchione (*pro hac vice* forthcoming)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
jacob.huebert@ncla.legal
john.vecchione@ncla.legal
Tel: (202) 869-5210

*Counsel for Plaintiffs Christopher Laurent, Kim Dalton, and Justin Tucker*

KWAME RAOUL
Attorney General of Illinois

/s/ *Elizabeth Jordan*
Elizabeth Jordan
Isaac Freilich Jones
Emily Hirsch
Office of the Attorney General of Illinois
115 S. LaSalle Street
Chicago, IL 60603
312-814-3000
Elizabeth.kellom@ilag.gov

*Counsel for the State Defendants*

7

Eileen O'Neill Burke
State's Attorney of Cook County

*/s/Edward M. Brener*
Jessica M. Scheller
Prathima Yeddanapudi
Edward M. Brener
Oliver Kassenbrock
Assistant State's Attorneys
Deputy Chief – Civil Actions Bureau
Cook County State's Attorney's Office
50 W. Washington, 5th Floor
Chicago, Illinois 60602
(312) 603-5971
edward.brener@cookcountysao.org

*Counsel for Eileen O'Neill Burke,*
*State's Attorney of Cook County, Illinois*

8